IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

JEROME W. BYNUM #20130525132,    )
                                 )
               Plaintiff,         )
                                 )
       v.                         )        No.  13 C 3967
                                 )
COOK COUNTY DEPARTMENT OF         )
CORRECTIONS,                      )
                                 )
               Defendant.         )

                           MEMORANDUM ORDER

        Jerome Bynum ("Bynum") has used the Clerk's-Office-supplied

form of 42 U.S.C. §1983 ("Section 1983") Complaint to sue the

Cook County Department of Corrections ("Department").  Quite

apart from the fact that the Department is not a suable legal

entity (and even if it were, it would still not be the proper

defendant in an action such as that sought to be advanced by

Bynum), the Complaint is so skeletal in nature as to call for a

sua sponte dismissal--albeit without prejudice.

        Here is the totality of Bynum's Statement of Claim as set

out in Complaint ¶IV:

        We were sleeping and eating in a condemned building
        with asbestos everywhere.

Even though Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per

curiam) calls for reading prisoners' pro se complaints through a

generous lens, that totally nonparticularized assertion does not

qualify as a viable claim of the deprivation of a constitutional

right cognizable under Section 1983.  Indeed, Bynum has alleged

so little that this Court could not even begin to suggest what type of fleshing out might suffice to meet the plausibility standard announced in the <u>Twombly</u>-<u>Iqbal</u> canon.

Accordingly both the Complaint and this action are dismissed for failure to state a claim (see 28 U.S.C. §1915A(b)(1)).[1] Under the circumstances, as stated earlier, this dismissal is without prejudice to Bynum's possible ability to shape a claim that would satisfy the <u>Twombly</u>-<u>Iqbal</u> standard.

_____

Milton I. Shadur
Senior United States District Judge

Date:  June 4, 2013

---

[1]  Because Bynum's current effort was so woefully inadequate, this Court will not stick him with the obligation to pay the $350 filing fee in installments, as 28 U.S.C. §1915 requires.  If he tries again, however, he must accompany his In Forma Pauperis Application (the current version of which is denied as moot) with a printout of the transactions in his trust fund account at the institution or institutions where he has been in custody for the entire six-month period before he files suit.